UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOE BLESSETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-00137 |
| | § | |
| BEVERLY ANN GARCIA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant, Beverly Ann Garcia's ("Garcia"), Motion to Dismiss Plaintiff's Amended Complaint. Dkt. 31. After reviewing the motion, the response, and the applicable law, the Court **GRANTS** the motion.

### **Factual Background and Prior Proceedings**

On July 23, 1999, a Galveston County court entered a Final Decree of Divorce between the Plaintiff, Joe Blessett ("Blessett"), and Garcia. Dkt. 31-1. In addition to dissolving their marriage, the decree required that Blessett make monthly child support payments to Garcia. *Id*. at 11. After Blessett consistently defaulted on this child support obligation for sixteen years, the county court entered an order in favor of Garcia confirming child support arrearage in the amount of $131,923.14. Dkt. 31-2.

Almost a year later, Garcia used this order to apply for a judicial writ of withholding to garnish Blessett's wages and to place a child support lien on some of Blessett's real property. Dkt. 31-3; Dkt. 31-4. In response, Blessett filed a lawsuit against Garcia to have the child support liens released. Dkt. 31-6. Garcia answered the lawsuit,

and then asserted counterclaims of her own for "a cumulative money judgment" and for a declaratory judgment that Blessett did not own any real property that was exempt from foreclosure. Dkt. 31-17. On June 30, 2017, the Galveston County court granted Summary Judgment in favor of Ms. Garcia on each of her counterclaims. Dkt. 31-32. Blessett neither filed a motion for new trial nor appealed the county court's order. Dkt. 31 at 11. Subsequently, Garcia foreclosed on Blessett's property, which was ultimately sold at public auction in partial satisfaction of the child support arrears he owes. *Id*.

Since Blessett's property was sold at public auction, he has filed a series of lawsuits in this Court to collaterally attack the state-court order that led to the foreclosure of his property. Other than this one, each of these lawsuits has already been dismissed.[1] In the pending motion, Garcia asserts that this case should be dismissed under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 9(b), and Texas Civil Practice and Remedies Code § 27.006 (a)-(d). For the reasons stated below, the Court finds that Garcia's motion to dismiss should be granted on 12(b)(1) grounds. Accordingly, the Court finds it unnecessary to discuss the Defendants' 12(b)(6), 9(b), or § 27.006 (a)-(d) arguments. *See Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("Ordinarily, where both these grounds for dismissal apply, the court should dismiss only on the jurisdictional ground under Fed.R.Civ.P. 12(b)(1), without reaching the question of failure to state a claim under Fed.R.Civ.P. 12(b)(6).").

---

[1] *See* Blessett v. Tex. Office of the AG Galveston Cty. Child Support Enf't Div., No. 3:17-CV-164, 2018 WL 836058, 2018 U.S. Dist. LEXIS 22972 (S.D. Tex. Feb. 12, 2018) (the Court granted the defendant's motion to dismiss); Blessett v. Sinkin Law Firm, No. 3:17-CV-370, 2018 WL 1932386, 2018 U.S. Dist. LEXIS 67683 (S.D. Tex. Apr. 23, 2018) (the Court granted the defendant's motion to dismiss); Blessett v. Jacoby, No. 3:18-CV-00153, 2018 WL 5014146, 2018 U.S. Dist. LEXIS 177837 (S.D. Tex. Oct. 16, 2018) (the Court granted the defendant's motion to dismiss); Blessett et al. v. Galveston County Child Support Division et al., No. 3:18-CV-00415 (S.D. Tex. Feb. 14, 2018) (parties stipulated to dismissal).

## Standard of Review

"[F]ederal courts are courts of limited jurisdiction." *Hashemite Kingdom of Jordan v. Layale Enters. (In re B-727 Aircraft)*, 272 F.3d 264, 269 (5th Cir. 2001). Thus, a federal court is required to presume that "a cause of action lies outside [its] limited jurisdiction" until "the party asserting jurisdiction" can prove otherwise. *Griffith v. Alcon Research, Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (internal quotation marks omitted). In proving its jurisdictional case, a party may direct the Court to look at "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Ultimately, a court cannot dismiss a claim for lack of subject matter jurisdiction unless "it appears certain that [a party] cannot prove any set of facts" in support of its assertion that jurisdiction is appropriate in federal court. *Bombardier Aero. Emple. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, P.C.*, 354 F.3d 348, 351 (5th Cir. 2003).

## Analysis

Garcia asserts that this Court lacks subject matter jurisdiction over this dispute, because Blessett asks the Court to "review, modify, or reverse" a state court order, which is expressly prohibited by the *Rooker-Feldman* doctrine. Dkt. 31 at 14. The Court agrees.

Under federal law, the Supreme Court has exclusive "authority to review a state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); 28 U.S.C.S. § 1257 (2018). Therefore, "federal [district] courts do not have the power to modify or reverse state court judgments except when authorized by Congress."

*Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017). Casually referred to as *Rooker-Feldman*, this doctrine was created to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Houston v. Queen*, 606 F. App'x 725, 730 (5th Cir. 2015). In *Exxon*, the Supreme Court explained that this doctrine is triggered by the existence of "four elements: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Id*. (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

Here, the Court finds that all four elements of the *Rooker-Feldman* doctrine are met, which requires the dismissal of this action for lack of subject matter jurisdiction. First, the county court's summary judgment order in favor of Garcia makes Blessett a state-court loser. Dkt. 31-32. Second, in his complaint Blessett alleges that he was caused harm by the county court's order. Dkt. 22. Third, Blessett concedes that he filed suit in this Court in order to "redress" the harm he experienced as a result of the county court order requiring him to pay child support arrearage to Garcia. *Id*. And fourth, Blessett's complaint asks this court to review and reverse the harm he has experienced as a result of the county court judgment. *Id*. Thus, as a state-court loser who decided not to avail himself of his right to appeal, it would be inappropriate to allow Blessett's suit to continue here in light of the *Rooker-Feldman* doctrine.

While Blessett may argue that his complaint merely asserts an independent civil rights claim—a party cannot escape *Rooker-Feldman* by "casting…a complaint in the form of a civil rights action." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (the *Rooker-Feldman* doctrine does not preclude a plaintiff from "present[ing] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party."). This is exactly what Blessett attempts to do:

> Beverly A. Garcia you are being sued for the deprivation of the rights and privileges of a citizen of the United States. To redress the independent nonjuducual acts and civil administrative actions lacking judicial force performed against the plaintiff.

Dkt. 22 at 1. In reality, Blessett's civil rights claim is so "inextricably intertwined with [the] challenged [county] court['s] judgment" that allowing this case to survive dismissal would "in substance would be appellate review of the state judgment." *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (quotations omitted). Accordingly, this suit must be dismissed because the Court lacks subject matter jurisdiction to sit in appellate review over prior state-court judgments. *See Exxon Mobil Corp.*, 544 U.S. at 283; *see also* 28 U.S.C.S. § 1257.

**Conclusion**

For the foregoing reasons, the Court **GRANTS** Garcia's motion and **ORDERS** that this case be dismissed.

SIGNED at Galveston, Texas, this 4th day of March, 2019.

_____
George C. Hanks Jr.
United States District Judge