Case 3:18-cv-00137   Document 107   Filed on 08/29/19 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
August 29, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOE BLESSETT, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:18-CV-00137 |
| § | |
| BEVERLY ANN GARCIA, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Beverly Ann Garcia's ("Garcia") Motion to Dismiss Plaintiff's Amended Complaint. Dkt. 98. After reviewing the motion, the response, the reply, and the applicable law, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### Factual Background and Prior Proceedings

On July 23, 1999, a Galveston County court entered a Final Decree of Divorce between the Plaintiff, Joe Blessett ("Blessett"), and Garcia. Dkt. 31-1. The decree also established Blessett's paternity over a child born during the marriage and ordered him to pay child support payments of $800 each month. *Id*. at 11. After Blessett consistently defaulted on this child support obligation for sixteen years, the county court entered an order in favor of Garcia confirming child support arrearage in the amount of $131,923.14. Dkt. 31-2.

Almost a year later, Garcia used that order to apply for a judicial writ of withholding to garnish Blessett's wages and to place a child support lien on some of Blessett's real property. Dkt. 31-3; Dkt. 31-4. In response, Blessett filed a lawsuit against

Garcia to have the child support liens released. Dkt. 31-6. Garcia answered the lawsuit, and then asserted counterclaims of her own for "a cumulative money judgment" and for a declaratory judgment that Blessett did not own any real property that was exempt from foreclosure. Dkt. 31-17. On June 30, 2017, the Galveston County court granted Summary Judgment in favor of Garcia on each of her counterclaims. Dkt. 31-32. Blessett did not file a motion for new trial nor did he appeal the county court's order. Dkt. 31 at 11. Subsequently, Garcia foreclosed on Blessett's property, which was ultimately sold at public auction in partial satisfaction of the child support arrears he owes. *Id*.

Since Blessett's property was sold at public auction, he has filed this and several other lawsuits in this Court to collaterally attack the state-court orders that led to the foreclosure of his property.[1] On March 4, 2019, the Court dismissed this suit under the *Rooker-Feldman* doctrine, because the Court lacked subject matter jurisdiction to collaterally review state court Judgments. Dkt. 82. Two days later, the Fifth Circuit partially vacated an order dismissing another suit initiated by Blessett on *Rooker-Feldman* grounds. *See Blessett v. Tex. Office of the AG Galveston Cty. Child Support Enf't Div. (Blessett Appellate Decision)*, 756 F. App'x 445, 446 (5th Cir. 2019). In an abundance of caution, the Court withdrew the order of dismissal that it issued in this case and allowed Blessett an opportunity to amend his complaint consistent with the Fifth Circuit's order in the parallel case. Dkt. 88.

---

[1] *See Blessett v. Tex. Office of the AG Galveston Cty. Child Support Enf't Div.*, No. 3:17-CV-164, 2018 WL 836058, 2018 U.S. Dist. LEXIS 22972 (S.D. Tex. Feb. 12, 2018); *Blessett v. Sinkin Law Firm*, No. 3:17-CV-370, 2018 WL 1932386, 2018 U.S. Dist. LEXIS 67683 (S.D. Tex. Apr. 23, 2018) (the Court granted the defendant's motion to dismiss); *Blessett v. Jacoby*, No. 3:18-CV-00153, 2018 WL 5014146, 2018 U.S. Dist. LEXIS 177837 (S.D. Tex. Oct. 16, 2018) (the Court granted the defendant's motion to dismiss); *Blessett et al. v. Galveston County Child Support Division et al.*, No. 3:18-CV-00415 (S.D. Tex. Feb. 14, 2018) (parties stipulated to dismissal).

In his amended complaint, Blessett asserts five separate "counts" of fraud against Garcia.[2] Dkt. 93. Garcia now moves to dismiss Blessett's amended complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and Texas Civil Practice and Remedies Code § 27.003(a). For the reasons stated below, the Court finds that Garcia's motion to dismiss should be granted in part on 12(b)(1) and 12(b)(6) grounds.

## Standard of Review

"[F]ederal courts are courts of limited jurisdiction." *Hashemite Kingdom of Jordan v. Layale Enters. (In re B-727 Aircraft)*, 272 F.3d 264, 269 (5th Cir. 2001). Thus, a federal district court is required to presume that it does not have the jurisdiction to rule on a matter until "the party asserting jurisdiction" can prove otherwise. *Griffith v. Alcon Research, Ltd.*, 712 F. App'x 406, 408 (5th Cir. 2017) (internal quotation marks omitted). To make its case, the party asserting jurisdiction may direct the Court to look at "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Ultimately, a court cannot dismiss a claim for lack of subject matter jurisdiction unless "it appears certain that [a party] cannot prove any set of facts" in support of its assertion that jurisdiction is appropriate in federal court. *Bombardier Aero. Emple. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough, P.C.*, 354 F.3d 348, 351 (5th Cir. 2003).

---

[2] Although the docket report in this case lists Stett Jacoby as a Defendant in this matter, the Court finds that he has not been served, and therefore he is not a party to this suit. The only Defendant in this case is Garcia. In that same vein, Blessett cannot allege claims in this case against unidentified "contractors" either, because the Court has no jurisdiction over parties not served with process in this case. Dkt. 93 at 3 (for a reference to "contractors" who may have harmed Blessett); *see Lifemark Hosps., Inc. v. Liljeberg Enters. (In re Liljeberg Enters.)*, 304 F.3d 410, 468 (5th Cir. 2002) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process.").

If a party is successful in establishing that the Court has jurisdiction to hear a dispute, the Court may still dismiss the dispute where the party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court's task in this inquiry is to determine whether "the plaintiff has stated a legally cognizable claim that is plausible" on its face. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010). With respect to fraud claims, a Plaintiff must "state with particularity the circumstances constituting the fraud" in order to survive this inquiry. Fed. R. Civ. P. 9(b). This means that a court will dismiss the case unless the plaintiff can adequately plead "the who, what, when, where, and how to be laid out" for a particular fraud allegation. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). In evaluating a plaintiff's pleadings, the Court will not "strain to find inferences favorable to the plaintiff[]," nor will it "accept conclusory allegations, unwarranted deductions or legal conclusions." *Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249, 254-55 (5th Cir. 2005).

## Analysis

### A. Dismissal on 12(b)(1) grounds

Garcia asserts that this Court lacks subject matter jurisdiction over this dispute, because Blessett's complaint asks the Court to "review, modify, or reverse" state court orders, which is expressly prohibited by the *Rooker-Feldman* doctrine. Dkt. 98 at 17. The Court agrees and dismisses Blessett's complaint to the extent that it "collaterally attack[s] the state court divorce decree," "judgments concerning paternity and child support," or the foreclosure order. *See Blessett Appellate Decision*, 756 F. App'x at 445-446.

Under federal law, the Supreme Court has exclusive "authority to review a state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005); 28 U.S.C.S. § 1257 (2018). Therefore, a federal district court cannot modify or reverse a state court judgment unless Congress authorizes it to do so. *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017). Casually referred to as *Rooker-Feldman*, this doctrine was created to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Houston v. Queen*, 606 F. App'x 725, 730 (5th Cir. 2015). In *Exxon*, the Supreme Court explained that this doctrine is triggered by the existence of "four elements: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Id*. (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

Here, the Court finds that all four elements of the *Rooker-Feldman* doctrine are met. First, the child support and summary judgment orders in favor of Garcia make Blessett a state-court loser. Dkt. 31-2; Dkt. 31-32. Second, Blessett alleges that he was caused harm by both orders in his amended complaint. Dkt. 93. Third, the county court's orders were rendered before these proceedings began. *Id*. And Fourth, Blessett's complaint asks this court to review and reverse the harm he has experienced as a result of the county court's orders. *Id*. Therefore, Blessett must now be barred from complaining about injuries allegedly caused by state court judgments he refused to appeal.

While Blessett may argue that this Court should not partially dismiss his complaint because he asserts independent civil rights claims in the enforcement and collection of the child support order, a party cannot escape *Rooker-Feldman* by "casting…a complaint in the form of a civil rights action." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013). Simply put, the Court does not have jurisdiction to adjudicate a claim that would require the Court to review "injuries caused by state-court judgments." *Land & Bay Gauging, L.L.C. v. Shor*, 623 F. App'x 674, 679 (5th Cir. 2015). Moreover, the Fifth Circuit has already held that Blessett missed his opportunity to complain about due process violations he may have experienced at state court. *See Blessett Appellate Decision*, 756 F. App'x at 446 ("Moreover, it is of no help to Blessett that he claims he failed to receive notice of any hearing in relation to the child support arrearage judgment of July 13, 2015, as constitutional questions arising in state proceedings are to be resolved by the state courts.") (internal citations omitted). This is exactly what Blessett attempts to do here. Blessett's amended complaint is a compilation of requests to redress constitutional violations that he should have appealed in state court:

> The Defendant and the Title IV-D agency and its contractors has failed to *provide sufficient service of process* to Mr. Blessett for this default judgment for child support arrears for Cause #98FD0817 on July 13, 2015.
> …
> The Defendant and Title IV-D agency and its contractors *does not have proof that procedural due process was afforded to Mr. Blessett*, in the suspension of his Texas driver license in 2014.
> …
> The Defendant Ms. Beverly A. Garcia and the Title IV-D agency and its contractors threatened Mr. Blessett with possibility of arrest, on January 24,

> 2001 and February 10, 2012, in order to produce private information such as his IRS federal tax returns, payroll stubs, vouchers, records of commissions and all other written records or evidence of income, statements of accounts for all checking or savings accounts, and all documents showing income received, under the color of law, for Cause #98FD0817 *which is a violation of his 4th Amendment US constitutional rights*. (See exhibit D page 1 & 3)

Dkt. 93 at 10, 13, 15 (italics added). However, these claims are so "inextricably intertwined" with the county court's judgments that allowing them to survive dismissal would effectively cause this Court to sit in "appellate review" of state court orders. *See Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (quotations omitted). Accordingly, these claims must be dismissed for a lack of subject matter jurisdiction. *See Exxon Mobil Corp.*, 544 U.S. at 283; *see also* 28 U.S.C.S. § 1257.

### B. Dismissal on 12(b)(6) grounds

Notwithstanding the dismissal of these claims, the Court finds that Blessett has also alleged five independent causes of action for fraud[3] "relating to the enforcement [and collection] of the state child support judgments," over which this Court has subject matter jurisdiction. *See Blessett Appellate Decision*, 756 F. App'x at 445-446. Four of these claims must be dismissed because they fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). One of the claims will survive. The Court will address each of these fraud claims separately.

#### i. "Fraud by omission of federal statutes and Texas family codes"

In his amended complaint, Blessett asserts five separate "counts" of fraud against Garcia. This is the first. The Court finds that this claim must be dismissed because it fails

---

[3] Dkt. 93 at 4 (for each of these fraud claims).

to plead allegations of fraud with the particularity that Rule 9(b) demands. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also Benchmark Electronics, Inc.*, 343 F.3d at 724.

The elements of a common law fraud claim are "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *United States ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009). Therefore, in order "[t]o satisfy Rule 9(b)'s pleading requirements [for a fraud claim], [a] plaintiff must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *See Southland Sec. Corp. v. INSpire Ins. Sols. Inc.*, 365 F.3d 353, 362 (5th Cir. 2004).

Here, Blessett has failed to meet these pleading requirements for his claim of "[f]raud by omission of federal statutes and Texas family codes." *See* Dkt. 93 at 4. Blessett alleges that Garcia committed fraud by applying "penalties under the color of law that [were] not expressly granted within the Final divorce decree granted on July 23, 1999." Dkt. 93 at 10. However, the Court finds that Blessett has not specified the statements contended to be fraudulent, when and where a fraudulent statement was made, or explain why a particular statement was fraudulent. *See Southland Sec. Corp.*, 365 F.3d

at 362. And the Court is not required to strain itself to find an interpretation of Blessett's complaint that would satisfy Rule 9(b)'s strict pleading requirements. *See Barrie*, 397 F.3d at 254-55. Indeed, this failure to plead with particularity is notable considering that the Court has already allowed Blessett to amend his complaint twice. Dkt. 1 (for original complaint); Dkt. 22 (for second amended complaint); Dkt. 93 (for third amended complaint). At the last hearing in this matter, the Court even alerted Blessett that it would consider dismissing this case with prejudice if Blessett failed to plead fraud with particularity in his amended complaint. Dkt. 91. Having failed to adhere to these instructions, the Court now dismisses this claim with prejudice. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (A district court may dismiss a plaintiff's complaint with prejudice if it fails "to plead [fraud] with particularity after being afforded repeated opportunities to do so.").

### ii. "Fraud by use of an administrative action under the color of law"

In his second "count," Blessett alleges that Garcia committed "[f]raud by use of an administrative action under the color of law." Dkt. 93 at 4. The gravamen of this complaint appears to be that Garcia committed fraud by assisting in "[t]he suspension of Mr. Blessett's Texas driver license…under the color of law." Dkt. 93 at 13. The Court finds that this claim must also be dismissed because it fails to plead allegations of fraud with the particularity that Rule 9(b) demands. *See* Fed. R. Civ. P. 9(b); *see also Benchmark Electronics, Inc.*, 343 F.3d at 724. Specifically, the Court finds that Blessett failed to plead the statements contended to be fraudulent, when and where a fraudulent statement was made, or explain why a particular statement was fraudulent. *See Southland*

*Sec. Corp.*, 365 F.3d at 362. Accordingly, the Court now dismisses this claim with prejudice for the reasons stated above. *See Hart*, 199 F.3d at 247 n.6.

### iii. "Fraud by inducement or coercion"

In his third "count," Blessett alleges that Garcia committed "[f]raud by inducement or coercion." Dkt. 93 at 4. The gravamen of this complaint appears to be that Garcia committed fraud by "threaten[ing] Mr. Blessett with [the] possibility of arrest, on January 24, 2001 and February 10, 2012, in order to produce private information such as his IRS federal tax returns, payroll stubs, vouchers, records of commissions and all other written records or evidence of income…." Dkt. 93 at 15. The Court finds that this claim must also be dismissed because it fails to plead its allegations of fraud with particularity. *See* Fed. R. Civ. P. 9(b); *see also Benchmark Electronics, Inc.*, 343 F.3d at 724. Specifically, the Court finds that Blessett failed to plead the statements contended to be fraudulent, when and where a fraudulent statement was made, or explain why a particular statement was fraudulent. *See Southland Sec. Corp.*, 365 F.3d at 362. Accordingly, the Court now also dismisses this claim with prejudice. *See Hart*, 199 F.3d at 247 n.6.

### iv. "Fraud by Omission to provide notice as ordered by a Judge"

In his fourth "count," Blessett alleges that Garcia committed "[f]raud by Omission to provide notice as ordered by a Judge." Dkt. 93 at 4. The gravamen of this complaint appears to be that Garcia committed fraud by "fail[ing] to provide notice to Mr. Blessett as ordered by the Judge on May 24, 2017, [which] resulted in the failure of Mr. Blessett to appear [at] the status conference scheduled on June 8, 2017." Dkt. 93 at 24. The Court finds that this claim must also be dismissed because it fails to plead its allegations of

fraud with particularity. *See* Fed. R. Civ. P. 9(b); *see also Benchmark Electronics, Inc.*, 343 F.3d at 724. Specifically, the Court finds that Blessett failed to plead the statements contended to be fraudulent, when and where a fraudulent statement was made, or explain why a particular statement was fraudulent. *See Southland Sec. Corp.*, 365 F.3d at 362. Accordingly, the Court dismisses this claim with prejudice as well. *See Hart*, 199 F.3d at 247 n.6.

      v.    **"Fraud by Perjury and violation of Public Policy rights to property"**

In his fifth "count," Blessett alleges that Garcia committed "[f]raud by Perjury and violation of Public Policy rights to property." Dkt. 93 at 4. In this claim Blessett alleges that Garcia committed fraud by submitting affidavits, which falsely stated that Blessett did "not own any real or personal property that is exempt from the claims in this cause" and that Blessett did not own a "homestead." Dkt. 93 at 18-19. Additionally, Blessett alleges that Garcia "misrepresented" herself "as a creditor in the Plaintiff's exempt property." *Id*. Construing Blessett's complaint liberally, the Court finds that Blessett has plead this allegation of fraud with sufficient particularity to survive a rule 12(b)(6) motion to dismiss. *See Kaltenbach v. Richards*, 464 F.3d 524, 526 (5th Cir. 2006) (The court shall construe the complaint liberally in favor of the plaintiff); *see also Benchmark Electronics, Inc.*, 343 F.3d at 724 (for the fraud pleading standards). This claim for fraud will remain in the case.

## Conclusion

For the foregoing reasons, Garcia's motion is **GRANTED IN PART** and **DENIED IN PART**. Accordingly, the Court **DISMISSES** the following claims alleged

by Blessett: (1) "[f]raud by omission of federal statutes and Texas family codes," (2) "[f]raud by use of an administrative action under the color of law," (3) "[f]raud by inducement or coercion," (4) "[f]raud by Omission to provide notice as ordered by a Judge," and (5) all claims that require the Court to collaterally review the state court judgments. Blessett's claim for "[f]raud by [p]erjury and violation of [p]ublic [p]olicy rights to property" will remain in this case.

    SIGNED at Galveston, Texas, this 29th day of August, 2019.

                                                                 _____
                                                                 George C. Hanks Jr.
                                                                 United States District Judge